## WASHINGTON COUNTY.

THOMAS ENNIS *vs.* WOOD RIVER BRANCH RAILROAD COMPANY.

The charter of a railroad corporation provided for the appointment of commissioners to estimate the land damage attendant on the lay-out of the track, and provided that parties interested who were dissatisfied with the award of the commissioners might apply for a jury trial; such an application to be heard under the *direction of the court* "in the same manner that appeals are heard:"

*Held,* that the award of the commissioners was not admissible evidence to the jury at the trial of such an application.

The jury returned a verdict for a less sum than had been awarded by the commissioners:

*Held,* that judgment should be entered on the verdict and not on the award.

EXCEPTIONS to the Court of Common Pleas.

Section 7 of the charter of the defendant corporation, granted May, 1872, directs that after the road shall have been located, the Court of Common Pleas shall appoint commissioners to esti-

mate the land damages, and to make report thereof to the court appointing them. Any person interested may, if dissatisfied, apply for a jury trial in the Court of Common Pleas to fix the amount of his damage. At the jury trial claimed by the plaintiff under this provision, before the Court of Common Pleas, November Term A. D. 1876, in Washington County, he offered in evidence the award of the commissioners. The presiding judge ruled it out and the plaintiff excepted. The jury gave a verdict of $100 in favor of the plaintiff, which was less than had been awarded him by the commissioners. Thereupon he requested the presiding judge to enter judgment in his favor for the amount of the award. This request was refused and the plaintiff excepted. Other exceptions were taken and allowed, but were not urged before this court, and are therefore not considered in its opinion.

*South Kingston, February* 18, 1878. DURFEE, C. J. The bill of exceptions presents two questions.

First. In a trial to the jury upon a claim for damages for land taken for the defendant. corporation under its charter, is the award of damages by the commissioners under the charter admissible as testimony in support of the claim ? We think it is not. The charter provides that if any person interested is dissatisfied with the award of the commissioners, he may apply for a jury to hear and finally determine the amount of damages to be assessed, and that the application " shall be heard and tried under the direction of the court, by a jury, *in the same manner that appeals are heard in said court."* The application for a jury trial is therefore in the nature of an appeal, and as in a trial to the jury of an appeal the judgment appealed from is not admissible in evidence to support the claim of the appellant or appellee, so no more is the award or judgment of the commissioners, which is as it were appealed from by the application. It is true the report of the commissioners is a part of the record, and where there is no issue framed, it may be necessary to have recourse to it to ascertain and define precisely the question to be submitted to the jury, but having recourse to it for that purpose does not make it testimony. And the ruling complained of is, that the award was not testimony. We think the ruling was entirely correct.

Second. If upon such an application for a jury trial the jury

returns a verdict for a less amount than has been awarded by the commissioners, ought the court to render judgment on the verdict, or on the award of the commissioners? We think the analogies of an appeal are to be followed in this respect also, and that the judgment should be entered on the verdict just as it is in any appealed case in which the trial is by jury.

*Exceptions overruled, and the judgment of the court below affirmed.*

*Ira O. Seamans,* for plaintiff.

*Nathan F. Dixon, Jr.,* for defendant.